People of State of Illinois ex rel. Advance Lodgings, Inc., an Illinois Corporation, Appellant, v. Industrial Commission of Illinois, Appellee.

Gen. No. 47,417.

First District, Third Division.
June 27, 1958.
Released for publication October 23, 1958.

David A. Canel, and Leonard A. Canel, both of Chicago (Jay A. Canel, of counsel) for petitioner-appellant.

Latham Castle, Attorney General (William C. Wines, and Samuel J. Doy, Assistant Attorneys General, of counsel) for respondent-appellee.

JUSTICE BURKE delivered the opinion of the court.

On September 15, 1955, William Story filed an application for adjustment of claim with the Industrial Commission, naming "J. D. Harvey, d/b/a Advance Lodging Co.," as respondent. The applicant stated that on February 9, 1955, he received an accidental injury which arose out of and in the course of his employment. On March 10, 1956, more than one year after the occurrence he filed an amended application for adjustment of claim. In the amended application he named the Northern Trust Company, La Salle National Bank under Trust No. 6116 and James Harvey as additional respondents. On April 6, 1956, the amended application came on for hearing before an arbitrator of the Com-

mission. Counsel for the respondents named in the amended application moved to dismiss on the ground that it was filed more than one year after the date of injury, that no service was had on these respondents within one year after the injury and that the Commission had no jurisdiction to hear and determine the application except as to J. D. Harvey, one of the respondents. The arbitrator reserved decision on the motion.

During the course of the hearing and after all the evidence had been received petitioner's attorney stated: "Whether he went as J. D. Harvey doing business as Advance Lodging Co. or Advance Lodging Co. Inc., doesn't make any difference because any time up to the time of, even the verdict, we have a right to amend on its face. I will ask to amend in addition to Advance Lodging Co., Advance Lodging, Inc." Counsel for respondents objected on the ground that the one year limitation barred the claim against Advance Lodgings, Inc., hereinafter called the corporation, and against the parties named as additional respondents in the amended application. The arbitrator took the objections under advisement.

The decision of the arbitrator, dated April 20, 1956, found that the petitioner is entitled to receive from the respondent "J. D. Harvey, d/b/a Advance Lodging Co.," $29 per week for the period of 8 weeks, the period of temporary total incapacity for work, and $29 per week for the further period of 47½ weeks for injuries sustained which caused the permanent and complete loss of the use of the right hand to the extent of 25% thereof. The decision found that $105 had been paid on account of the injury and that petitioner is entitled to receive $1,504.50, the amount of the unpaid compensation. The decision "dismissed" the Northern Trust Company, La Salle National Bank under Trust No. 6116

71

and James Harvey as parties respondent. The decision does not mention the oral motion to make the corporation a party respondent.

A petition for review was filed with the Commission. On review the decision of the arbitrator was upheld and became the decision and order of the Commission. A writ of certiorari proceeding in the Superior Court to review the record resulted in the following order entered January 31, 1957: "It is ordered that the award against J. D. Harvey, d/b/a Advance Lodging Co. is reversed and the award is set aside and held for naught. It is further ordered that the action of the arbitrator in denying leave to make Advance Lodging, Inc., a corporation, a respondent, is reversed and the Commission is ordered to give leave to make said party a respondent, and take evidence consistent therewith." The corporation was not a party to any of the proceedings before the Commission or before the Superior Court in the certiorari proceedings. On May 3, 1957, the corporation filed a petition for a writ of prohibition in the Superior Court, setting up the facts above recited. The complaint states that the request of the petitioner to make the corporation a party respondent was made before the arbitrator more than one year after the date of the alleged injury and is barred by the one year limitation for filing applications for compensation. The complaint further states that the Commission "has no jurisdiction" to hear the application against the corporation; that there is no adequate remedy save by writ of prohibition in that, if the Commission assumes jurisdiction it is bound by the order of the Superior Court to take evidence against the corporation; and that the Commission would be powerless to consider any objections to its jurisdiction by the corporation, which would be subjected to the burden of conducting a hearing before the arbitrator, a review

72

before the Commission, the prosecution of a writ of error on the question of jurisdiction of the Commission, all of which would be time consuming and costly and a great burden upon the corporation and the judicial machinery of the state. The corporation prayed that an order be entered directing the Commission to refrain from hearing the application of the petitioner against it. The Superior Court granted the Commission's motion to dismiss the complaint. A motion to vacate this order was denied. The corporation appeals.

The petitioner, Story, did not ask the Commission to review the decision of the arbitrator. Apparently he was satisfied with that decision. The Workmen's Compensation Act contemplates that an application for compensation shall be filed with the Commission. The Act provides that in any case unless application for compensation is filed with the Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation where any has been paid, the right to file such application shall be barred. In the instant case the petitioner filed an amended application making the banks and James Harvey additional respondents. The petitioner did not file an application making the corporation (appellant herein) an additional respondent.

■ ■ The ultimate facts pleaded in the complaint do not present a situation calling upon the court to exercise the extraordinary power of entering a judgment for a writ of prohibition. A motion to strike admits facts well pleaded but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. Skidmore v. Johnson, 334 Ill. App. 347, 357, 79 N.E.2d 762. Plaintiff maintains that the Commission threatens to exceed its jurisdiction. This is an assumption not based

73

on any allegation in the complaint. Plaintiff says that the Commission will be bound to follow the erroneous order in the certiorari case unless restrained by a writ of prohibition. The Act provides that the court may confirm or set aside the decision of the Commission. If the decision is set aside and the facts found in the proceedings before the Commission are sufficient, the court may enter such decision as is justified by law or may remand the cause to the Commission for further proceedings and may state the questions requiring further hearing and give such other instructions as may be proper. The court set aside the decision of the Commission. The second sentence of the order in the certiorari case cannot impair the rights of the corporation as it was not a respondent or a party to any of the proceedings. Therefore, the fear of the plaintiff that the Commission will be "bound" to proceed as directed by the Superior Court is groundless.

The Attorney General calls attention to the fact that the arbitrator found that the sum of $105 had been paid on account of the injury and that the application for compensation may be filed with the Commission within one year after the date of the last payment of compensation. The plaintiff insists that it should not be put to the burden of having "to go back to the Commission, file a special and limited appearance, file a motion objecting to the jurisdiction (which motion must be denied), submit to a hearing before the Commission, and finally, request review by writ of certiorari before it may raise its contention," and that the order of the Superior Court directing the Commission to take evidence is void. The plaintiff has not been before the Commission. Should an application for adjustment of claim naming the corporation as a respondent be processed, it will have its day to be heard before the Commission. We should not anticipate the ruling or decision of the Commission. The trial judge was

74

right in deciding not to interfere with the jurisdiction of the Commission. Therefore the judgment of the Superior Court is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J. concur.